Gregory G. Iskander, Bar No. 200215
giskander@littler.com
Kaa Bao Ju, Bar No. 302155
kju@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:    925.932.2468
Fax No.:       925.946.9809

Attorneys for Defendant
AUTO WAREHOUSING CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO B. BROWN, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>AUTO WAREHOUSING CO.; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.<br><br>**DEFENDANT AUTO WAREHOUSING CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date: None Set<br>Complaint Filed: September 6, 2024 |

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

# TABLE OF CONTENTS

PAGE

I.  PLEADINGS, PROCESS AND ORDERS ................................................................ 1

II.  REMOVAL JURISDICTION BASED ON FEDERAL QUESTION ..................................... 2

A.  General Removal Principles ................................................................ 2

B.  Plaintiff's Employment Was Governed by a Collective Bargaining Agreement ............... 5

C.  The Failure to Reference the CBA or the LMRA Does Not Preclude Removal. ............... 6

D.  Resolving Plaintiff's Claims Requires Interpretation of the 2018-2021, 2021-2024 and 2024-2027 CBAs. ................................................................ 7

III.  SUPPLEMENTAL JURISDICTION ................................................................ 9

IV.  REMOVAL JURISDICTION BASED ON DIVERSITY/CAFA JURISDICTION ............... 9

A.  Plaintiff Filed A Class Action Under State Law ................................................ 9

B.  The Proposed Class Contains At Least 100 Members ................................................ 9

C.  Defendant Is Not A Governmental Entity ................................................ 10

D.  There Is Diversity Between At Least One Alleged Class Member And Defendant ........ 10

E.  The Amount In Controversy Exceeds $5,000,000 ................................................ 12

1.  Minimum Wage ................................................................ 14

2.  Meal Break Periods ................................................................ 15

3.  Business Expenses ................................................................ 16

4.  Wage Statements ................................................................ 16

5.  Attorney's Fees ................................................................ 17

6.  Total Amount in Controversy ................................................ 18

V.  INTRADISTRICT ASSIGNMENT ................................................................ 19

VI.  TIMELINESS OF REMOVAL ................................................................ 19

VII.  NOTICE TO PLAINTIFF AND THE STATE COURT ................................................ 20

VIII.  CONCLUSION ................................................................ 20

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

i

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Agavni Pogosyan v. U.S. Bank Trust Nat'l Assoc'n, et al.*,
Case No.: CV 15-07085-AB, 2015 WL 12696188 (C.D. Cal. Oct. 22, 2015) ......................20

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985)..............................................................................................2, 3, 4

*Amaral v. Cintas Corp.*
No. 2, 163 Cal.App.4th 1157 (2008) ...............................................................18

*Arias v. Residence Inn by Marriott*,
936 F.3d 920 (9th Cir. 2019) ...........................................................................13

*Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of
Electrical Workers*,
109 F.3d 1353 (9th Cir. 1997) ............................................................................3

*Burns v. Windsor Ins. Co.*,
31 F.3d 1092 (11th Cir. 1994) .........................................................................12

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987)..................................................................................3, 6, 7

*Coleman v. Estes Express Lines, Inc.*,
730 F.Supp.2d 1141 (C.D. Cal. 2010) .............................................................14

*Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*,
491 U.S. 299 (1989)............................................................................................7

*Coria v. Recology, Inc.*,
63 F. Supp. 3d 1093 (N.D. Cal. 2014) ...............................................................9

*Curtis v. Irwin Indus., Inc.*,
913 F.3d 1146 (9th Cir. 2019) ...................................................................3, 4, 8

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S.Ct. 547 (2014).......................................................................................12

*Firestone v. Southern Cal. Gas. Co.*,
219 F.3d 1063 (9th Cir. 2000) .......................................................................2, 3

*Fleming v. United Teacher Assocs. Ins. Co.*,
250 F. Supp. 2d 658 (D.W. Va. 2003) .............................................................20

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

ii

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

# TABLE OF AUTHORITIES

PAGE

*Franchise Tax Board v. Construction Laborers*,
    463 U.S. 1 (1983) ................................................................................................4, 6

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ...................................................................................17

*Giles v. Canus Corp.*,
    2022 WL 3370793 (N.D. Cal. Aug. 16, 2022) ...........................................................4

*Hayden v. Reickerd*,
    957 F.2d 1506 (9th Cir. 1991) .....................................................................................7

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) .....................................................................................................11

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) ...................................................................................13

*Johnson v. Harper*,
    66 F.R.D. 103 (E.D. Tenn. 1975) ..............................................................................20

*Kanter v. Warner-Lamber Co.*,
    265 F.3d 853 (9th Cir. 2001) ...............................................................................10, 11

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
    199 F.Supp.2d 993 (C.D. Cal. 2002) ........................................................................12

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976 (9th Cir. 2005), cert. denied, 127 S.Ct. 157 (2006) ...........................17

*Lew v. Moss*,
    797 F2d 747 (9th Cir. 1986) ......................................................................................10

*Lingle v. Norge Div. of Magic Chef Inc.*,
    486 U.S. 399 (1988) ................................................................................................2, 4

*Lippitt v. Raymond James Fin. Servs., Inc.*,
    340 F.3d 1033 (9th Cir. 2003) .....................................................................................6

*Lo v. Oxnard Euro. Motors, LLC*,
    2012 WL 1932283 (S.D. Cal. May 29, 2012) ...........................................................18

*McGuigan v. City of San Diego*,
    183 Cal.App.4th 610 (2010) ......................................................................................17

*Mellon v. Universal City Studios, LLC*,
    __ F. Supp. 3d __, 2022 WL 4021692 (C.D. Cal. Sep. 2, 2022) ...............................4

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

iii

# TABLE OF AUTHORITIES

**PAGE**

*Metro. Life Ins. v. Taylor*,
481 U.S. 58 (1987)..................................................................................................3

*Milne Emp. Ass'n v. Sun Carriers, Inc.*,
960 F.2d 1401 (9th Cir. 1991) ...............................................................................6

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999).............................................................................................19

*District of Columbia v. Murphy*,
314 U.S. 441 (1941) .............................................................................................11

*Newberry v. Pac. Racing Ass'n*,
854 F.2d 1142 (9th Cir. 1988) ...............................................................................3

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) ...............................................................................11

*Paul, Johnson, Alston & Hunt v. Graulty*,
886 F.2d 268 (9th Cir. 1989) ...............................................................................18

*Rippee v. Boston Market Corp.*,
408 F.Supp.2d 982 (S.D. Cal. 2005).....................................................................13

*Sadler v. Ensignal, Inc.*,
No. 1:17-cv-00312-AWISAB, 2017 WL 2333528 (E.D. Cal. May 26, 2017)......15

*Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189 (9th Cir. 1983)
*Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009) ..................6

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007) ..............................................................................10

*Shaw v. Toshiba Am. Info. Sys., Inc.*,
91 F.Supp.2d 942 (E.D. Tex. 2000).......................................................................18

*Snyder v. Harris*,
394 U.S. .................................................................................................................10

*St. Paul Mercury Idemn. Co. v. Red Cab Co.*,
303 U.S. 283 (1938)..............................................................................................12

*Strotek Corp. v. Air Trans. Ass'n of Am.*,
300 F.3d 1129 (9th Cir. 2002) ..............................................................................10

*Teamsters v. Lucas Flour Co.*,
369 U.S. 95 (1962)..................................................................................................4

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

iv

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

# TABLE OF AUTHORITIES

PAGE

*United Steelworkers of America v. Rawson,*
  495 U.S. 362 (1990) ..............................................................................................3

*Vasquez v. California,*
  45 Cal.4th 243 (2008) ..........................................................................................17

*Voorhees v. Naper Aero Club, Inc.,*
  272 F.3d 398 (7th Cir. 2001) .................................................................................3

*Williams v. Leonard,*
  No. C02–05084 CRB, 2003 WL 163183 (N.D. Cal. Jan. 13, 2003) .....................20

*Young v. Anthony's Fish Grottos, Inc.,*
  830 F.2d 993 (9th Cir. 1987) .................................................................................6

**Statutes**

28 U.S.C. § 84(a) ..........................................................................................................19

28 U.S.C. § 1331 .....................................................................................................1, 20

28 U.S.C. § 1332 .....................................................................................................1, 20

28 U.S.C. § 1332(d) .................................................................................................9, 12

28 U.S.C. § 1332(d)(2) ..................................................................................................18

28 U.S.C. §§ 1332(d)(2)(A), 1453 ...............................................................................12

28 U.S.C. §§ 1332(d)(2)(A), 1453(b) ..........................................................................10

28 U.S.C. § 1332(d)(5)(A) ...........................................................................................10

28 U.S.C. § 1332(d)(5)(B) .............................................................................................9

28 U.S.C. § 1332(d)(6) .................................................................................................12

28 U.S.C. § 1367 ............................................................................................................5

28 U.S.C. § 1367(a) .......................................................................................................9

28 U.S.C. § 1441 .....................................................................................................1, 20

28 U.S.C. § 1441(a) .........................................................................................11, 19, 20

28 U.S.C. § 1441(c) .......................................................................................................5

28 U.S.C. § 1446 .............................................................................................1, 2, 9, 20

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

**TABLE OF AUTHORITIES**

PAGE

28 U.S.C. § 1446(a) .................................................................................................... 12, 19

28 U.S.C. § 1446(b) .......................................................................................................... 19

28 U.S.C. § 1446(d) ............................................................................................................ 1

29 U.S.C. § 185(a) .......................................................................................................... 1, 2

CAFA ................................................................................................................... *passim*

Cal. Bus. & Prof. Code § 17200 ......................................................................................... 1

Cal. Bus. & Prof. Code § 17200 ................................................................................... 7, 13

Cal. Bus. & Prof. Code § 17208 ....................................................................................... 15

Cal. Civ. Proc. Code § 338(a) ........................................................................................... 15

Cal. Code Civ. Proc. § 340 ............................................................................................... 17

Cal. Lab. Code § 226 .................................................................................................. 16, 17

Cal. Lab. Code § 226(a) ................................................................................................... 17

Cal. Lab. Code § 226(a) ................................................................................................... 17

Cal. Lab. Code § 226(e) ................................................................................................... 13

Cal. Lab. Code § 226(e) ................................................................................................... 17

Cal. Lab. Code § 226.7 ..................................................................................................... 15

Cal. Lab. Code § 266(e) ................................................................................................... 17

Cal. Lab. Code § 512(a) ..................................................................................................... 4

Cal. Lab. Code § 512(e)-(g) ............................................................................................... 4

Class Action Fairness Act of 2005 ..................................................................................... 9

LMRA ................................................................................................................... *passim*

LMRA .......................................................................................................................... 6, 8

LMRA, 29 U.S.C. § 152(2) ................................................................................................. 5

LMRA, 29 U.S.C. §§ 152(5) and 185(a) ............................................................................. 5

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

vi

# TABLE OF AUTHORITIES

PAGE

Section 2(5) of the NLRA ................................................................................................5

**Other Authorities**

Cemex, *Inc* ........................................................................................................................9

Fed. R. Civ. P. 6(a)(1)(A) and (a)(5) ......................................................................19, 20

Fed. R. Civ. P. 6(a)(1)(C) .............................................................................................19

Northern District Local Rule 3-2(c)(d), 3-5(b) ...........................................................19

Article III of the United States Constitution ..................................................................9

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1  **TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

2  **COURT IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF**

3  **MARIO B. BROWN AND HIS ATTORNEYS OF RECORD:**

4  **PLEASE TAKE NOTICE** that Defendant AUTO WAREHOUSING CO. ("Defendant"),

5  contemporaneously with the filing of this Notice, is effecting the removal of the above-referenced

6  action from the Superior Court of the State of California, County Contra Costa, to the United States

7  District Court for the Northern District of California. Removal is proper based on 29 U.S.C. § 185(a).

8  This action is removed pursuant to the procedures found in 28 U.S.C. §§ 1441 and 1446, and removal

9  jurisdiction is based on 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity). Pursuant

10 to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the Contra

11 Costa County Superior Court.

12 **I.      PLEADINGS, PROCESS AND ORDERS**

13      1.      On or about September 6, 2024, Plaintiff Mario B. Brown ("Plaintiff") commenced the

14 above-captioned civil action in the Contra Costa County Superior Court by filing a Complaint entitled

15 *Mario B. Brown, on behalf himself and others similarly situated v. Auto Warehousing Co., and Does*

16 *1 through 100, inclusive*, docketed as Case No. C24-02405. ("Complaint" or "Compl."). The

17 Complaint contains five causes of action: (1) failure to pay wages for all hours worked at minimum

18 wage; (2) failure to authorize or permit meal periods; (3) failure to indemnify employees for

19 employment-related losses/expenditures; (4) failure to provide complete and accurate wage

20 statements; and (5) unfair business practices in violation of Business and Professions Code Sections

21 17200, *et seq*. A summons was also issued on September 6, 2024. True and correct copies of the

22 Summons, Complaint, and Civil Cover Sheet are attached as **Exhibit A** to the Declaration of Kaa Bao

23 Ju in Support of Defendant's Notice of Removal of Civil Action ("Ju Decl.") and incorporated here

24 by reference. (Ju Decl., ¶ 2, Exhibit ("Ex.") A.)

25      2.      Plaintiff served the Summons and Complaint upon Defendant through Defendant's

26 agent for service of process on September 19, 2024. A true and correct copy of the proof of service is

27 attached as **Exhibit B** to the Ju Declaration and incorporated by reference. (Ju Decl., ¶ 3, Ex. B.)

28

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

3.     On September 11, 2024, the state Court issued a Notice to Plaintiff of a Case Management Conference set for January 24, 2025. A true and correct copy of the Notice to Plaintiff of a Case Management Conference is attached as **Exhibit C** to the Ju Declaration and incorporated by reference. (Ju Decl., ¶ 4, Ex. C.)

4     On September 11, 2024, the state Court also issued a Notice to Plaintiff of assignment to Department 12 for case management determination. A true and correct copy this notice is attached as **Exhibit D** to the Ju Declaration and incorporated by reference. (Ju Decl., ¶ 5, Ex. D.)

5.     On October 18, 2024, Defendant filed and Answer to Plaintiff's Complaint. A true and correct copy of the Answer is attached as **Exhibit E** to the Ju Declaration and incorporated by reference. (Ju Decl., ¶ 6, Ex. E.)

6.     To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of Contra Costa, or served by any other party other than as described above. (Ju Decl., ¶ 7.) **Exhibits A-E** referenced above and incorporated into this Notice satisfy the requirements of 28 U.S.C. § 1446. (Ju Decl., ¶ 8.)

## II.     REMOVAL JURISDICTION BASED ON FEDERAL QUESTION

### A.     General Removal Principles

7.     This Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA"), which provides: "Suits for violation of  contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (hereinafter, "Section 301"); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of collective bargaining agreements ("CBAs"), federal law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

8.     Further, all state law claims raised by a union-represented employee that require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 471

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

9.      Section 301 preemption and jurisdiction apply because the Complaint includes claims that can only be brought as contractual claims under a CBA, because of the application of several express CBA exemptions in the Labor Code. Section 301 also applies because Plaintiff asserts he is entitled to relief which is controlled by the CBA and makes claims the resolution of which require interpretation of the CBA.

10.     Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019); *Firestone*, 219 F.3d at 1066-67. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *Curtis*, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Some courts have held that Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement. *See, e.g., United Steelworkers of America v. Rawson*, 495 U.S. 362, 368–69 (1990); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover most state-law actions that require interpretation of labor agreements").

11.     Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of collective bargaining agreements remains uniform and independent of state law.

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

3

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

*Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain[] firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). This Court has subject matter jurisdiction over—and thus a defendant may properly remove—any ostensible state law claim preempted by Section 301. *Franchise Tax Board v. Construction Laborers*, 463 U.S. 1, 24 (1983); *Allis-Chalmers Corp.*, 471 U.S. at 220 (if preempted, the "claim must either be treated as a § 301 claim ... or dismissed").

12.    Under the Section 301 preemption analysis, courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." *Curtis,* 913 F.3d at 1152 (internal citations and quotations omitted). Under *Curtis*, where an asserted Labor Code or Wage Order claim is covered by an available CBA exemption – such that there exists no valid underlying state law claim – the Section 301 preemption inquiry is resolved at this first step. This is because, in the case of a state law meal break claim (for example), if Labor Code Section 512(a) does not apply (due to the application of the Labor Code Section 512(e)-(g) CBA exemption), any pleaded meal break claim is necessarily a contractual claim. *See, e.g., Giles v. Canus Corp.*, 2022 WL 3370793, *4-5 (N.D. Cal. Aug. 16, 2022) (applying *Curtis*).

13.    If, and only if, there is no preemption found at the first step of the analysis, courts proceed to the second step of the Section 301 preemption analysis, which asks "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153. Under this second step, where there is no applicable CBA exemption, Section 301 preemption still applies if the resolution of a plaintiff's minimum wage claim (for example) requires interpretation of the CBA. *See Mellon v. Universal City Studios, LLC*, __ F. Supp. 3d __, 2022 WL 4021692, at *5 (C.D. Cal. Sep. 2, 2022) (denying motion to remand because "resolution of [plaintiff's] minimum wage claim will require interpreting the CBA to determine whether he was compensated for time spent undergoing security checks through Article 27."); *Giles, supra,* 2022 WL 3370793, *6 (holding minimum wage

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

4

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

claim preempted because resolving that claim would require an, interpretation of terms "actual time worked" and "show-up pay" as used in the CBA).

14.    If any claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental jurisdiction under 28 U.S.C. § 1367. All claims in the Complaint are sufficiently related to form part of the same case or controversy.

**B.    Plaintiff's Employment Was Governed by a Collective Bargaining Agreement**

15.    Plaintiff alleges that "Defendants employed Plaintiff as an hourly non-exempt employee from in or around October 22, 2020 until present." (Ju Decl., ¶ 2, Compl., ¶ 4.)

16.    The terms and conditions of Plaintiff's employment with Defendant were governed by Collective Bargaining Agreements ("CBAs") between Defendant and General Truck Drivers, Warehousemen and Helpers, IBT, LOCAL 315 ("Union"). Declaration of Jacqueline Wihbey in Support of Defendant's Notice of Removal of Civil Action to Federal Court ("Wihbey Decl.") , ¶ 3. There were three CBAs in effect during the relevant period (September 6, 2020 to the present), which covered the terms of Plaintiff's employment during that time. (*Id.*). A true and correct copy of the CBA in effect between July 12, 2018 and July 11, 2021 ("2018-2021 CBA") is attached as **Exhibit A** to the Wihbey Declaration and incorporated by reference. A true and correct copy of the CBA in effect between July 12, 2021 and July 11, 2024 ("2021-2024 CBA") is attached as **Exhibit B** to the Wihbey Declaration and incorporated by reference. A true and correct copy of the CBA in effect between July 12, 2024 and July 11, 2027 ("2024-2027 CBA") is attached as **Exhibit C** to the Wihbey Declaration and incorporated by reference.

17.    The Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

18.    Based on the allegations in the Complaint, Defendant is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

19.    Section 1 of all three CBAs specifically states that the "The Union is recognized as the sole representative for all sole collective agency employees by the Company at its Richmond facility for the purpose of collective bargaining, rates of pay, wages, hours of employment, and other

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

5

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

conditions of employment, in the classifications set forth in this Agreement and in agreements supplementary hereto in force and effect on the date of this agreement." (*See* Wihbey Decl., Exs. A, B, and C.) All three CBAs cover the employment conditions at issue in Plaintiff's Complaint, including schedule of hours or hours of employment, meal periods, wages, and minimum wages. (*See* Wihbey Decl., Exs. A, B, and C, 2018-2021, 2021-2024 and 2024-2027 CBAs, Secs. 1, 6, and 7).

**C.    The Failure to Reference the CBA or the LMRA Does Not Preclude Removal.**

20.    The Complaint omits that Plaintiff was a member of the Union or that CBAs governed his employment. However, a plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

21.    Thus, the fact that Plaintiff has not made specific reference to Section 301 in his Complaint does not preclude removal. *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

22.    An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

6

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

**D.** **Resolving Plaintiff's Claims Requires Interpretation of the 2018-2021, 2021-2024 and 2024-2027 CBAs.**

23. The Labor Code violations underlying Plaintiff's Class Action Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394. Therefore, to analyze Plaintiff's wage claims for proper payment of wages for all hours worked, the Court will necessarily need to interpret the provisions of the relevant 2018-2021, 2021-2024 and 2024-2027 CBAs.

24. The Court cannot simply look to state law to resolve Plaintiff's artfully plead claims for breach of a CBA. Plaintiff's claims cannot be adjudicated without interpretation of the numerous CBA provisions that governed Plaintiff's employment. Plaintiff's Class Action claims allege the following: (1) failure to pay wages for all hours worked at minimum wage; (2) failure to authorize or permit meal periods; (3) failure to indemnify employees for employment-related losses/expenditures; (4) failure to provide complete and accurate wage statements; and (5) Unfair business practices in violation of Business and Professions Code Sections 17200, *et seq*. (Ju Decl., Ex. A, Complaint.)

25. The applicable 2018-2021, 2021-2024 and 2024-2027 CBAs contain specific language governing hours of employment, meal periods, wages, and minimum wages. (*See* Wihbey Decl., Exs. A, B and C, 2018-2021, 2021-2024 and 2024-2027 CBAs, Secs. 1, 6, and 7). The CBAs also provide for a grievance process and requires binding arbitration to resolve any disputes arising under the CBAs. (*See* Wihbey Decl., Exs. A, B and C, 2018-2021, 2021-2024 and 2024-2027 CBAs, Sec. 13). Resolving Plaintiff's claim will require the Court to interpret these provisions in the applicable 2018-2021, 2021-2024 and 2024-2027 CBAs.

26. In addition, whether Defendant allegedly failed to, for example, provide Plaintiff and the putative class members with the required meal breaks requires the Court to analyze and interpret not only the three CBAs, but also the past practices between the Defendant and the Union. The parties' past practices are deemed to be part of the CBAs. *Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 307 (1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' practice, usage and custom is of

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

7     DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

significance in interpreting their agreement."). Specifically, the Court must interpret the parties'
practices regarding the extent to which they agree that Plaintiff may take meal period breaks in
accordance with its terms.

27.    Critically, as all of Plaintiff's claims are, in essence, alleged violations of the 2018-
2021, 2021-2024 and 2024-2027 CBAs, the Court will necessarily have to interpret its grievance and
arbitration provisions. (*See* Wihbey Decl., Exs. A, B and C, 2018-2021, 2021-2024 and 2024-2027
CBAs, Sec. 13.) Specifically, the Court must determine whether Plaintiff was first required to exhaust
the grievance procedures, whether he did in fact exhaust those procedures, and whether he agreed to
arbitrate all or some of his claims. Each of these questions is reserved for federal courts pursuant to
the LMRA; indeed, Section 301 preemption aims to promote extra-judicial dispute resolution pursuant
to the parties' agreed form of dispute resolution. *Curtis*, 913 F.3d at 1152 (observing "the labor
arbitrator is usually the appropriate adjudicator for CBA disputes" and that "grievance and arbitration
procedures provide certain procedural benefits, including a more prompt and orderly settlement of
CBA disputes than that offered by the ordinary judicial process.") (internal citation omitted).

28.    Here, the applicable grievance and arbitration procedure set forth in the 2018-2021,
2021-2024 and 2024-2027 CBAs covers "all disputes growing out of the interpretation or application
of the Agreement or practices there under." (*See* Wihbey Decl., Exs. A, B and C, 2018-2021, 2021-
2024 and 2024-2027 CBAs, Sec. 13, ¶ 1.) Accordingly, an alleged violations of the 2018-2021, 2021-
2024 and 2024-2027 CBAs are subject to its respective grievance and arbitration procedures, which
serve the underlying purposes of the LMRA. Thus, Plaintiff's claim may not be resolved without
interpreting provisions of the 2018-2021, 2021-2024 and 2024-2027 CBAs.

29.    Plaintiff's claims are substantially dependent upon the interpretation of the 2018-2021,
2021-2024 and 2024-2027 CBAs' terms and provisions. In fact, the CBAs' terms and provisions
govern much of the conduct that forms the basis for Plaintiff's Complaint and are thus essential to the
resolution of Plaintiff's claims. The underlying Labor Code violations arise under § 301 of the LMRA
and warrant removal to federal court.

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

8                          DEFENDANT'S NOTICE OF REMOVAL OF
                           CIVIL ACTION TO FEDERAL COURT

III.    **SUPPLEMENTAL JURISDICTION**

30.    To the extent there are certain claims alleging Labor Code violations that do not arise under Section 301 of the LMRA, those alleged violations remain within the supplemental jurisdiction of the Court under 28 U.S.C. section 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v.* Cemex*, Inc.*, 2013 U.S. Dist. LEXIS 124111, at \*17; *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014). Thus, this action is removable in its entirety.

IV.    **REMOVAL JURISDICTION BASED ON DIVERSITY/CAFA JURISDICTION**

31.    This Court also has jurisdiction based on diversity. Class Action Fairness Act of 2005 ("CAFA") grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.

A.    **Plaintiff Filed A Class Action Under State Law**

32.    Plaintiff filed his action as a putative class action based on alleged violations of various California wage and hour laws. (Ju Decl., Ex. A, Complaint.)

B.    **The Proposed Class Contains At Least 100 Members**

33.    Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

34.    Plaintiff seeks to represent a putative class consisting of Defendant's "current and former hourly non-exempt employees […] in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class […] (Ju Decl., Ex. A, Compl., ¶ 30(A), (B), (C).)

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

9

35.     Based on a review of Defendant's time and payroll records from September 6, 2020 to when Plaintiff's complaint was filed on September 6, 2024, Defendant had employed at least 100 non-exempt employees in California. (Wihbey Decl., ¶ 4.)

36.     Defendant's internal records demonstrate that there are more than 100 potential putative class members in this matter, as currently plead by Plaintiff.

**C.     Defendant Is Not A Governmental Entity**

37.     Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

38.     Defendant is not a state, state official, or other governmental entity exempt from CAFA. Defendant is a corporation. (Declaration of Ian McRae in Support of Defendant's Notice of Removal of Civil Action to Federal Court ("McRae Decl."), ¶ 4.)

**D.     There Is Diversity Between At Least One Alleged Class Member And Defendant**

39.     Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

40.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

41.     For diversity purposes, persons are domiciled in the place they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return). Further, employment in a state is evidence of domicile in that state. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). At all relevant times pertinent to this lawsuit, Plaintiff

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

10

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1    maintained an address in California. (Wihbey Decl., ¶ 5.) Plaintiff was employed by Defendant in the

2    State of California. (*Id.; see* Ju Decl., Ex. A, Compl., ¶ 2.) When Plaintiff filed his Complaint, he

3    resided in the State of California, and was domiciled in and was a citizen of the State of California.

4    *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also, District of Columbia*

5    *v. Murphy*, 314 U.S. 441, 455 (1941) ("place where a man lives is properly taken to be his domicile

6    until the facts adduced establish the contrary").

7        42.    To determine a corporation's principal place of business, courts apply the "nerve center

8    test," which deems the principal place of business to be the state where a corporation's officers "direct,

9    control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

10   In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.*

11   at 92-93. In other words, a party's principal place of business is where its officers direct, control, and

12   coordinate its activities. *Id.*

13       43.    Defendant was incorporated in the State of Washington on August 23, 1993. (McRae

14   Decl., ¶ 3.)

15       44.    Defendant is located at 2810 Marshall Avenue, Suite B, Tacoma, Washington 98421

16   and its corporate headquarters and principal executive offices are located at this address in Tacoma,

17   Washington. (*Id.*) Additionally, Defendant makes the majority of its decisions about corporate policy

18   and administration at this location including, but not limited to, decisions about human resources,

19   operations, payroll, revenue, management, and policies and practices used by Auto Warehousing Co.

20   in the State of California. (*Id.*)

21       45.    Additionally, Defendant is not a citizen of California for purposes of determining

22   whether the minimal diversity jurisdiction of CAFA is met. Defendant is a citizen of Washington. (*Id.*)

23       46.    The presence of DOE defendants in this case has no bearing on diversity with respect

24   to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of

25   defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157

26   F.3d 686, 690-91 (9th Cir. 1998).

27   ///

28   ///

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

11                    DEFENDANT'S NOTICE OF REMOVAL OF
                     CIVIL ACTION TO FEDERAL COURT

47.     No other party has been named or served as of the date of this removal. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Washington). Therefore, sufficient diversity exists for the purposes of CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.     The Amount In Controversy Exceeds $5,000,000[1]**

48.     This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

49.     The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

50.     The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

51.     For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by

---

[1] The alleged damages calculations contained in this removal are for purposes of removal only. Defendant expressly denies that Plaintiff or any member of the putative class is entitled to any relief whatsoever, and Defendant expressly reserve the right to challenge Plaintiff's alleged damages or penalties at issue in this case.

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

12

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

52.    For purposes of establishing the amount in controversy at removal, Defendant need not make Plaintiff's case for them, or prove the amount in controversy to a certainty. Rather, Defendant can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on some reasonable "ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (finding defendant may rely on assumptions in its chain of reasoning, so long as they have "some reasonable ground underlying them.") (quotation and citation omitted).

53.    The Complaint does not identify a specific number of alleged damages. Plaintiff, generally, seeks: (1) unpaid wages, (2) unpaid premium wages, (3) unpaid use and/or costs of necessary tools and/or resources, (4) damages and/or statutory penalties under Labor Code section 226(e), (5) "all legally applicable penalties," (6) liquidated damages, (7) pre-judgment interest, (8) post-judgment interest, (9) attorneys' fees and costs, (10) injunction, (11) restitution and (12) declaratory relief. (Ju. Decl., Ex. A, Prayer for Relief.)

54.    In addition, the Complaint alleges a cause of action for Unfair Business Practices in violation of California Business and Professions Code §§ 17200 *et seq.* (Ju. Decl., Ex. A, Fifth Cause of Action.)

55.    Defendant is permitted to use reasonable assumptions to establish the amount in controversy. *Arias*, 936 F.3d at 925 (finding a removing defendant is permitted "to rely on a chain or reasoning that includes assumptions," and such assumptions are reasonable if founded on the allegations of the complaint).

56.    Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom, including but not limited to, Plaintiff's allegation that the alleged claims are appropriate for class treatment. Defendant reserves all defenses to Plaintiff's claims. For purposes of

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

13

removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

57.    Defendant "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148-49 (C.D. Cal. 2010).

58.    Plaintiff's Complaint was filed on September 6, 2024. Applying a four-year statute of limitations as alleged by Plaintiff, the statutory period begins on September 6, 2020. Based on a review of Defendant's records, between September 6, 2020 and September 6, 2024, Defendant employed at an average of 160 non-exempt employees per year.[2] (Wihbey Decl., ¶ 4.)

### 1.    Minimum Wage

59.    Plaintiff's first cause of action alleges that "Defendants employed policies, practices, and/or procedures including, but not limited to: (a) 'Rounding down' or 'shaving down' Plaintiff's and the Minimum Wage Class total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants." (Ju. Decl., Ex. A, Compl., ¶ 36.) Plaintiff further alleges that "Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked." (Ju. Decl., Ex. A, Compl, ¶ 37.) Plaintiff did not specify the amount sought for unpaid minimum wages. While Defendant denies Plaintiff's allegations and that Plaintiff and the putative class are entitled to any unpaid minimum wages, for purposes of this Notice, Defendant assumes that .25 hour was "shaved down" at the time of clock-in, another .25 hour was "shaved down" at the time of clock-out for a meal break, another .25 hour was "shaved down" at the time of clock-in from a meal break and another .25 hour was "shave down" at the time of clock-out for the work day, totaling one hour of work per day that is owed to each

---

[2] The estimated amount in controversy would increase by including all of Defendant's non-exempt employees in California. But, they are not required to be included because, as explained below herein, CAFA's $5 million threshold is easily satisfied by using only a sample set of Defendant's non-exempt employees.

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

14    DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

employee. This places at least **$611,520** in controversy for Plaintiff's failure to pay minimum wage claim (160 employees per year x 52 weeks per year x 5 days per week x $14.70 average state minimum wage from 2020 to 2024 x 4 years for class period = $611,520.)

### 2. Meal Break Periods

60.     Plaintiff's second cause of action alleges that: (1) "Plaintiff and the Meal Period Class worked shifts long enough to entitled them to meal periods under California law"; (2) "Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law"; (3) Such policies, practices, and/or procedures included, but were not limited to: (a) 'Rounding down' or 'shaving down' Plaintiff's and the Meal Period Class total daily hours at the time of their clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants"; (4) "Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods"; and (5) "Defendants are liable to Plaintiff and the Meal Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section 226.7 and the Wage Order." (Ju Decl., Ex. A, Compl., ¶¶ 43-47.)

61.     California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period and/or rest break was not provided. Cal. Lab. Code § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

62.     Defendant had approximately 160 non-exempt employees per year from September 6, 2020 to September 6, 2024. (Wihbey Decl., ¶ 4.) While Defendant denies Plaintiff's allegations and that Plaintiff and the putative class are entitled to any compensation for non-compliant meal breaks, Defendant assumes five missed meal period per week for all Defendant's employees that allegedly comprise the putative class. *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWISAB, 2017 WL

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

15    DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch"). The amount in controversy for missed meals and rest breaks can be calculated by multiplying the number of employees (160 per year) by work weeks (52 weeks per year x 4 years look back from the filing of Plaintiff's Complaint = 208 work weeks) by 5 hours of premium payments by $17.73/hr[3] (Plaintiff's hourly rate at the time of hire which Defendant assumes is the same for other employees' hourly pay rates as Plaintiff's class action is for similarly situated employees). This places at least **$2,950,272** in controversy for Plaintiff's alleged missed meal break claim.

### 3.    Business Expenses

63.    Plaintiff's third cause of action seeks reimbursement for business expenses related to the use or purchase of Plaintiff and the putative class members' use and purchase of their own tools and/or resources. (Ju Decl., Ex. A, Compl., ¶ 50.) Though the amount of reimbursement sought is not explicitly provided by Plaintiff in the Complaint, even assuming a conservative amount of $20.00 for tools owed to each employee per month and $20.00 for other resources owed to each employee per month, the total amount placed in controversy with respect to Plaintiff's reimbursement claim is **$307,200** (160 employees per year x $40 x 48 months in Class Period of 4 years = $307,200).

### 4.    Wage Statements

64.    Plaintiff's fourth cause of action alleges that "Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages and meal period premium wages), in violation of Labor Code section 226." (Ju Decl., Ex. A, Compl., ¶ 150.) Plaintiff further alleges that "Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned." (*Id.*, Ex. A, Compl., ¶ 151.) Plaintiff also alleges that "Defendants' failure to provide Plaintiff and the Wage Statement Class

---

[3] (Wihbey Decl., ¶ 5.)

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

28

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

with accurate wage statements was knowing and intentional." (*Id.*, Ex. A, Compl., ¶ 152.) Plaintiff claims that "[p]ursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee." (*Id.*, Ex. A, Compl., ¶ 154.)

65.    Labor Code section 266(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a subsequent violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code Civ. Proc. § 340. 47. Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, assuming the 160 employees per year worked 52 weeks per year, the employees would be entitled to the statutory limit of $4,000, which provides an amount in controversy of **$640,000** (160 employees x $4,000).

### 5.    Attorney's Fees

66.    Plaintiff also seeks attorneys' fees and costs in his complaint. (Ju Decl., Ex. A, Prayer for Relief.)

67.    Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), cert. denied, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

68.    In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g., McGuigan v. City of San Diego*, 183 Cal.App.4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal.4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages,

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

17                    DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp.* No. 2, 163 Cal.App.4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F.Supp.2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless of whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")

69.     The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

70.     Twenty-five percent of the total the total amount outlined above is **$1,127,248** ($4,508,992 x 25% = $1,127,248).

### 6.    Total Amount in Controversy

71.     The total estimated amount in controversy, utilizing only a sample set of Defendant's non-exempt employees during the relevant time period, including estimated attorney's fees, is $6,788,240 ($5,430,592 + $1,357,648).

72.     As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of actions and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claims | Amount in Controversy |
|---|---|
| Unpaid Minimum Wages | $611,520 |
| Meal Periods | $2,950,272 |
| Employment-Related Expenditures | $307,200 |
| Wages Statements | $640,000 |

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

18

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

| Attorneys' Fees | $1,127,248 |
| **Total Amount in Controversy** | **$5,636,240** |

This amount does not even include potential damages for Plaintiff's fifth cause of action for unfair business practices, "all [other] legally applicable penalties," and liquidated damages, which will further increase the amount in controversy above the $5 million requirement.

## V.    INTRADISTRICT ASSIGNMENT

73.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State of California for the County of Contra Costa.

74.    All civil actions that arise in the County of Contra Costa shall be assigned to the San Francisco Division or the Oakland Division. Northern District Local Rule 3-2(c)(d), 3-5(b). Thus, assignment to the San Francisco or Oakland Division is proper.

## VI.    TIMELINESS OF REMOVAL

75.    Plaintiff served the Summons and Complaint upon Defendant on September 19, 2024. (*See* Ju Decl., Ex. B.) This Notice of Removal has been filed within thirty (30) days of service on Defendant of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") Therefore, the Notice is timely filed.

76.    Pursuant to Federal Rules of Civil Procedure, Rule 6(a)(1)(C), when the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(A) and (a)(5) (requiring deadlines "count every day, including intermediate Saturdays, Sundays, and legal holidays . . . but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Further, pursuant to "next day" is

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

19          DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1   "determined by continuing to count forward when the period is measured after an event and backward

2   when measured before an event." *See Id.* Thus, this Notice of Removal is timely filed. *See Fleming v.*

3   *United Teacher Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 660-661 (D.W. Va. 2003) (removal filed on 31

4   days timely when final day was a holiday); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975)

5   (same); *see also Agavni Pogosyan v. U.S. Bank Trust Nat'l Assoc'n, et al.*, Case No.: CV 15-07085-

6   AB, 2015 WL 12696188, at *2 (C.D. Cal. Oct. 22, 2015) (same); *Williams v. Leonard*, No. C02–05084

7   CRB, 2003 WL 163183, at *1 (N.D. Cal. Jan. 13, 2003) (same).

8   **VII.    NOTICE TO PLAINTIFF AND THE STATE COURT**

9   77.    Contemporaneously with the filing of this Notice in this Court, written notice of such

10  filing will be provided to Plaintiff's counsel of record Joseph Lavi, Esq., Vincent C. Granberry, Esq.,

11  and Jovahn Wiggins, Lavi & Ebrahimian, LLP, 8889 W. Olympic Boulevard, Suite 200, Beverly Hills,

12  California 90211.

13  78.    A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court

14  of the County of Contra Costa.

15  **VIII.   CONCLUSION**

16  79.    For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§

17  1331, 1332 and 1441(a) and removal is therefore proper under 28 U.S.C. §§ 1441 and 1446.

18

19  Dated: October 18, 2024

20                                          LITTLER MENDELSON, P.C.

21

22                                          */s/ Kaa Bao Ju*
                                            Gregory G. Iskander
23                                          Kaa Bao Ju

24                                          Attorneys for Defendant
                                            AUTO WAREHOUSING CO.

25

26

27

28

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

20                    DEFENDANT'S NOTICE OF REMOVAL OF
                      CIVIL ACTION TO FEDERAL COURT